CHARLES C. HASKELL

v.

FRANK BURDETTE et al.

The condition of a bond, accompanying a mortgage, was, that one F. should remit to complainant, "forthwith, immediately on receipt of the same," the proceeds of all sales of certain enumerated articles, less F.'s commissions, and that on F.'s failure so to do, the mortgagors should become liable therefor. Complainant accepted F.'s notes and post-dated check for considerable amounts for the proceeds of such sales, instead of cash remittances.—*Held,* that the mortgagors, being merely guarantors, were discharged as to the amounts of the notes and check by the extension of the time of payment by the complainant without their assent, and without reserving his rights as against them.

Bill to foreclose. On final hearing on pleadings and proofs.

*Mr. E. F. Morrow,* for complainant.

*Mr. G. E. P. Howard,* for defendants.

THE CHANCELLOR.

The bill is filed to foreclose a mortgage dated June 19th, 1878, given by the defendants, Hiram Burdette and wife, to the complainant, on land in Hudson county, to secure the payment of their bond to him, of that date, in the penalty of $2,000, and conditioned that the defendant, Frank Burdette (their son), should pay to him the amount due, or to become due (but not in any event to exceed $2,000), under an agreement between the complainant and Frank Burdette, dated June. 1st, 1878, providing that the former should forthwith remit to the latter the proceeds of all sales of papyrographs, presses and materials and printing paper immediately on receipt thereof, less the commissions agreed on between them. The defendants have answered. The mortgagors, by their answer, deny that there is any indebtedness from

Frank Burdette to the complainant under the agreement, which they are bound by law or in equity to pay, and they set up as a defence that the former kept the agreement on his part, while the latter did not, and also that the complainant extended a credit to Frank Burdette for a longer period than one month, without any notice to them and without their privity or consent. Frank, by his answer, denies the indebtedness, and alleges that he kept the agreement, while the complainant did not. The complainant claims that there are $2,000 due him on the mortgage. The attempt is made to show that Frank Burdette was not secured in the exclusive agency of the articles mentioned in the bond, mortgage and agreement for the "territory" mentioned in the agreement—the cities of New York and Brooklyn. But the agreement does not give him the exclusive agency. It recites that the complainant, being the owner of a certain particular process, known as the papyrograph, was then desirous of establishing an agency in the city of New York for the sale of papyrographs and the materials for refurnishing them within the two cities, and that it was therefore agreed between them that the complainant should consign to Frank, for delivery to purchasers and collection of the purchase-money therefor, so many papyrographs and [so much] materials for refurnishing the same as the latter, as factor for the complainant, should have sold within the limits of the two cities; and Frank agrees to sell those articles, and to pay over the proceeds to the complainant immediately on receipt thereof. The defence set up in the answer of the mortgagors, that the complainant extended the time for payment by taking Frank's notes and post-dated check (at ten days) for moneys due him from the latter under the agreement, is established as to part of the complainant's claim. The complainant, according to his own testimony, took Frank's notes at thirty and sixty days for moneys due him from the latter from time to time under the agreement, and says he did it to accommodate Frank. He admits that it was done without the knowledge or consent of the mortgagors. He says the first note was for $250; that it was credited January 3d, 1879, and was paid on the 15th of that month; that on the 15th Frank was

Haskell *v.* Burdette.

credited with another note at thirty days for $250 ; that he was credited with another one at sixty days for $300, February 10th, 1879, and on the 17th of April, 1879, with another note at three months for $500. The transactions began under the agreement June 1st, 1878, and ended August 1st, 1879. The receipt of the post-dated check, which the complainant still holds, is not denied. The complainant claims that there is due to him from Frank a balance of .$2,098.91. The mortgagors were guarantors of the debts which might from time to time accrue under the agreement, and if the complainant extended the time for payment of any part of the indebtedness without their assent, and without saving his rights as to them, they were thereby discharged from liability as to such part. It is an established principle that where the creditor, knowing the surety to be such, without the surety's assent, and without reserving his rights as against the surety, gives time to the principal, the surety is *ipso facto* discharged from his liability, and the rule is the same as to a guarantor. The mortgagors both swear that they not only knew nothing of the giving of the notes, but supposed that Frank, who assured them that he did not owe the complainant anything, was required to pay according to the agreement. The bond, in its condition, states that the agreement provides that Frank shall remit to the complainant the proceeds of all sales of papyrographs, presses and materials and printing papers, " forthwith, immediately on receipt of the same," less the commissions agreed upon between the parties to the agreement. For the amount of the indebtedness for which the notes and check were taken the guarantors are not liable, but for the rest of the claim the mortgage is security. *Hopkirk* v. *McConico, 1 Brock. 220.* There will be a decree accordingly.